IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GALAXY PRECISION MANUFACTURING, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-cv-84 |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) ) | |
| GRUPO INDUSTRIAL SAN ABELARDO S.A. de C.V. and GRUPO GINSA, LLC, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 14, 2022, the Court issued an Order for a Rule to Show Cause ("Order") [31], for the purpose of determining whether complete diversity of state citizenship between the parties in fact existed, as alleged by Plaintiff, Galaxy Precision Manufacturing, Inc. ("Galaxy"), in the Amended Complaint [8, ¶1]. The Court asked the parties to prepare supplemental responses answering specific questions about the state citizenship of the Defendants, Grupo GINSA LLC ("Grupo LLC") and Grupo Industrial San Abelardo ("GRUPO"), and to offer additional jurisdictional evidence regarding the state citizenship of Mr. Alberto Espinosa, the sole member of Grupo LLC. After consideration of the parties' supplemental responses, the Court concludes that diversity jurisdiction does not exist for this case because the statutory requirement of complete diversity of state citizenship between the parties is not present. See 28 U.S.C. § 1332(a). The Court therefore will enter a final judgment dismissing and terminating this case as to all parties for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), without prejudice. Each party shall bear its own costs. Civil case terminated.

**I.        BACKGROUND**

"The first duty of counsel is to make clear to the court the basis of its jurisdiction as a federal court.  The first duty of the court is to make sure that it exists." *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (citation omitted).  The supplemental response of Defendant Grupo LLC confirms that Mr. Espinosa is, in fact, stateless for purposes of the Court's jurisdictional analysis [34, Ex. 1].  This jurisdictional fact destroys complete diversity between the parties and eliminates the only basis alleged for the Court's subject matter jurisdiction over this case. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634-35 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 776 (2022) ("stateless citizens—because they are not (by definition) a citizen of a state, as § 1332(a) requires—destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff.").

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir.1998). "Article III of the Constitution extends the 'judicial Power' to nine specified categories of Cases and Controversies, including Controversies 'between Citizens of different States.'" See, *e.g., Page*, 2 F.4th at 633.  The *judicial power* conferred by Article III is referred to as a federal court's *jurisdiction* to hear and adjudicate a Case or Controversy.  When this constitutional Article III jurisdiction covers "Controversies between citizens of different States," and arises under state substantive law, the federal diversity jurisdiction statute, 28 U.S.C. § 1332 ("diversity statute") limits this jurisdiction. See *Id.* (citing *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 448–49 (1850) (Article I gave Congress authority to create the lower federal courts and discretion to confer jurisdiction less than that allowed by Article III).

In its present form, the diversity jurisdiction statute "establishes federal jurisdiction over 'all civil actions where the matter in controversy exceeds' $75,000 and, as relevant here, if the action is between 'citizens of different States' or 'citizens of a State and citizens or subjects of a foreign state.'" *Page,* 2 F.4th at 634 (quoting 28 U.S.C. § 1332(a)). Inherent in this statute is the requirement that the state citizenship of all plaintiffs differ from that of all defendants. This requirement is called "complete diversity," 28 U.S.C. § 1332(a),[1] and the burden of establishing it belongs to the party claiming that the Court can exercise original federal subject matter jurisdiction over the case based on the diversity statute. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Generally, a plaintiff's alleged basis for subject matter jurisdiction is presumed correct, as pled, unless it is called into question by a party challenging either the sufficiency of the alleged jurisdiction on the face of the complaint (a facial challenge) or the accuracy of the jurisdictional facts alleged (a factual challenge). *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) ("[i]n evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised). When challenged facially or factually, the presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue, and the Court must look beyond the face of the pleadings to jurisdictional evidence in the record, *Sapperstein,* 188 F.3d at 856.

This look beyond is especially important when the jurisdictional facts pled and argued suggest that one of the parties is stateless, but the suggestion cannot be confirmed by the evidence

---

[1] The minimum statutory value of the controversy (the subject matter of the case) only requires a plausible allegation that the subject matter of the case meets the threshold amount. *Id*. ("the burden of [meeting the statutory minimum] is not heavy and dismissal is warranted only if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal'") (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).

in the existing record. See *Page*, 2 F.4th at 634. In such cases, competent evidence establishing complete diversity of state citizenship between the parties becomes necessary, as the Court has no jurisdiction to act without it. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) ("plaintiff has the obligation to establish jurisdiction by competent proof"). Consequently, if the parties do not answer the fundamental question of whether subject matter jurisdiction exists, then "the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fireproof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); see also Fed. R. Civ. P. 12(h)(3).

The Supreme Court and the Seventh Circuit have acknowledged that the burden of establishing complete diversity can be a heavy lift, especially when a plaintiff sues multiple defendants who are unincorporated business entities, as is the case here. See *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989) ("When a plaintiff sues multiple defendants in a diversity action, complete diversity must be present *** for each defendant" or the suit must be dismissed."); see also *Page, id.* at 635 (citing and quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (the size of many modern businesses makes "tracing the citizenship of unincorporated associations *** extra work for the diligent litigant, and for those with less diligence, the limited partnership has become a notorious source of jurisdictional complications."). This recognition, however, does not obviate the obligations the parties have to the Court before filing their pleadings and motions.

Here, a question has arisen concerning the factual and legal basis for asserting complete diversity, specifically in regard to Grupo LLC's citizenship in the Amended Complaint (*i.e.,* Mr. Espinosa's state citizenship status). As alleged, Grupo LLC did not have many members; it had one, Mr. Espinosa. Moreover, Plaintiff Galaxy appears to allege that Grupo LLC is a citizen of

4

Texas, where it is registered and has its principal place of business. This allegation reflects a misunderstanding of law existing at the time the complaint and amendment to it were filed. But Grupo LLC, as the party moving to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), did not initially come forward with the jurisdictional evidence of state citizenship related to its client, Grupo LLC and its sole member, Mr. Espinosa, to establish that complete diversity *did not in fact exist*. However, in its supplemental response, Grupo LLC has now confirmed through an amended declaration that Mr. Espinosa is, in fact, "stateless" [34, Ex. 1].

The statelessness of an individual LLC member must be attributed to the LLC itself when named as a defendant. See *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 381–82 (2016) (the state citizenship of an unincorporated LLCs is the same as each of its members). The Court acknowledges, however, that the "attribution of statelessness" concept applied in the context of a subject matter jurisdiction challenge to *complete diversity* between the parties was not expressly announced and elucidated in the Seventh Circuit until the court of appeals' decision in *Page v. Democratic Nat'l Committee*, a decision issued shortly *after* the parties completed briefing on Defendant Grupo LLC's Motion to Dismiss [21].[2] See 2 F.4th at 636 ("stateless citizens—because they are not (by definition) a citizen of a state, as § 1332(a) requires—destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff"). Piecing together the Supreme Court's holding in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989), with *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016), our court of appeals explained:

---

[2] The parties completed briefing related to Grupo LLC's Motion to Dismiss [21] on June 16, 2021; the Seventh Circuit on June 21, 2021.

> The question, then, is whether the stateless status of *** individual [members] must be attributed to [the LLC], rendering the [LLC] itself (as a named defendant) stateless and thereby destroying complete diversity and our authority to hear this case. The Supreme Court has not explicitly answered this question. But the Court has held both that a stateless citizen cannot be sued in diversity (see *Newman-Green*, 490 U.S. at 828–29, *** and that the citizenship of a partnership is based on the citizenship of each individual partner (see *Carden*, 494 U.S. at 195–96, ***). Whether reading these two rules together requires finding that a partnership composed of at least one stateless citizen is itself stateless—a concept we refer to as attribution of statelessness—remains unresolved by the Court.

*Page v. Democratic Nat'l Comm.,* 2 F.4th 630, 637 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 776 (2022). As explained below, *Page* is outcome determinative in this case and requires dismissal for lack of jurisdiction. In short, the statelessness of Mr. Espinosa must be attributed to Grupo LLC and, in so doing, complete diversity between the parties is destroyed, eliminating any basis for subject matter jurisdiction over the case.

## II. DISCUSSION

Subject matter jurisdiction is the first question in every federal case, and the only question in this case. In the Court's Order for a Rule to Show Cause [31], the parties were given a second chance to provide the jurisdictional evidence and arguments necessary to make their case regarding the existence or absence of subject matter jurisdiction. The Court asked Plaintiff Galaxy to "provide evidence of complete diversity of state citizenship between the parties" by sworn affidavits in its supplemental response brief [31, at 15], but Plaintiff again failed to do so.[3] This failure cannot be treated merely as a facial defect in the pleadings and dismissed solely on this basis, because the statelessness of Grupo LLC means that it cannot sue or be sued in any federal court. The lack of complete diversity between the parties is not a pleading defect, it is a fact that

---

[3] Instead, Plaintiff stated in a conclusory manner that it maintained that subject matter and personal jurisdiction existed for this case, without saying whether that jurisdiction resided in the state or federal court. It now appears that Plaintiff claims that Illinois courts have subject matter jurisdiction over this action [32, ¶¶ 8-9] and [33]. If so, that is for the state court to decide.

cannot be overcome and one that means the absence of subject matter jurisdiction cannot be cured by more jurisdictional discovery or by further amendment of the pleadings [32, ¶¶ 11-12].[4]  By contrast, Defendant Grupo LLC provided answers to a number of questions related to state citizenship in its supplemental response, each of which shows that the sole member of Grupo LLC, Mr. Espinosa, is legally stateless, a citizenship status attributed to Grupo LLC, based on application of the holding in *Page v. Democratic Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 776 (2022), and the cases on which it relied.

   A.   Mr. Espinosa's State Citizenship

The newly proffered jurisdictional evidence conclusively shows that Mr. Espinosa, Grupo LLC's only member, is stateless for purposes of the diversity jurisdiction statute. See 28 U.S.C. § 1332(a).  This means that Mr. Espinosa is unable to sue or be sued in this or in any other U.S. federal court, either as a U.S. or Mexican citizen, where the only basis for subject matter jurisdiction is the diversity statute. See *Page,* 2 F.4th at 636.

In its supplemental response, Grupo LLC attaches the supplemental declaration of "Mr. Alberto Espinosa" as Exhibit 1.  In this declaration, Mr. Espinosa makes the following declarations material to the issue of complete diversity and federal subject matter jurisdiction.  *First*, he "declares that he is known by several names but is one and the same person – including Ramon Alberto Espinoza Garza, Ramon Alberto Espinosa Garza, Ramon Alberto Espinosa, Ramon

---

[4] Grupo LLC presses the point that the Court determined in its Order [31] that Galaxy "failed to plead the citizenship of Grupo LLC's members as required under the law" [22, n. 1] in its Amended Complaint [8, ¶ 1], establishing a basis to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), based on facial defects in the pleadings [34, at 3, 5 (citing [31, at 14])].  As discussed *supra* p. 3, the Court did not dismiss this suit under Rule 12(b)(1), because it "did not affirmatively assert that diversity jurisdiction was lacking" but, instead, stated, "[t]he Texas LLC has not asserted that diversity jurisdiction does not exist" [27, at 3]. Although the Court did not find waiver based on concession, this statement fell far short of carrying the moving party's burden to show the absence of complete diversity on a motion to dismiss by going beyond the pleadings to offer jurisdictional evidence.

Alberto Espinoza, Alberto Espinosa, and Alberto Espinoza." [34, Ex. 1, at ¶ 3]. *Second*, he declares that he was born in Eagle Pass, Texas, and is a native-born United States citizen, who also obtained Mexican citizenship through his parents, who are both Mexican citizens. [Id, ¶ 2]. At the time Galaxy filed this action, Mr. Espinosa was domiciled in Saltillo, Coahuila, Mexico and he "continues to be domiciled there through the present day." [34, at 5, Ex. 1, ¶ 4].

From these facts, two key elements emerge. *First*, Mr. Espinosa has national citizenship in the United States, but he does not have state citizenship with the United States, because his domicile is in the foreign state of Coahuila, Mexico, in the city of Saltillo. *Second*, Mr. Espinosa is a dual citizen of two nation states, the United States of America and Mexico. Both elements are outcome determinative on the issue of complete diversity.

> ***[N]atural persons are typically a citizen of the state in which they reside or—to be more precise—are "domiciled." See *Gilbert v. David*, 235 U.S. 561, 569 (1915); see also 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2021) (explaining with great clarity how federal courts determine a person's domicile for purposes of jurisdictional citizenship); Erwin Chemerinsky, *Federal Jurisdiction* § 5.3.3 (7th ed. 2016) (providing another excellent overview of how courts determine the citizenship of the parties as part of assessing diversity jurisdiction). An individual can have only one domicile at a time. See *Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

*Page,* 2 F.4th at 634–35 (7th Cir. 2021). Domicile—not one's national or nation-state citizenship- is the key to identifying of one's state citizenship.

### B. Mr. Espinosa's Dual Citizenship

Grupo LLC and Mr. Espinosa also now acknowledge, by way of a supplemental declaration [34, Ex. 1], that he is a dual citizen of the United States and Mexico. The question of how dual citizenship cuts in terms of complete diversity has been addressed by the Seventh Circuit. The diversity statute creates jurisdiction only over "civil suits between citizens of different states, citizens of a state and a foreign citizen, or foreign citizens living in the United States." See 28

U.S.C. § 1332(a). A person's state citizenship for the purpose of the state diversity provision is equated with domicile. The standards for determining domicile in this context are found by resort to federal common law. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *Ziady v. Curley*, 396 F.2d 873, 874 (4th Cir. 1968). To establish a domicile of choice a person generally must be physically present at the location and intend to make that place home. See Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971); see also *Sadat v. Mertes,* 615 F.2d 1176, 1180 (7th Cir. 1980).

Citizens of the United States who are domiciled abroad are not considered citizens of a State and do not fall within the original jurisdiction authorized by the diversity statute. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989); *Page,* 2 F.4th at 635 ("Such individuals are not citizens of any state for purposes of the statute because they are not domiciled in a state. They are, in a word, stateless."). When, as here, (a) § 1332(a) of the diversity statute is the only basis for the district court's subject matter jurisdiction, and (b) a party to suit is a U.S. citizen domiciled outside the United States, the party's stateless status means that the federal courts will not allow the action to be maintained by or against this party (*i.e.*, will not allow the party to sue or be sued). See *id.,* 2 F.4th at 634-35.

In *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980), the Seventh Circuit held that a person possessing dual citizenship is not "a citizen or subject of a foreign state" under 28 U.S.C. § 1332(a)(2), unless there are factual circumstances indicating that the party took steps to avoid or terminate U.S. Citizenship before the suit was filed. This rule rests on the rationale that if a person with U.S. citizenship domiciled abroad cannot claim foreign citizenship to establish complete diversity for purposes of suit (and the right to sue or be sued) in U.S. federal courts, then a person

with dual citizenship cannot rely on the foreign state citizenship to gain admittance to federal court either, unless U.S. citizenship is expressly disclaimed prior to suit. *Id.*

The parties have not provided any evidence that Mr. Espinosa no longer claims U.S. citizenship. To the contrary, Grupo LLC now relies on that fact to defeat complete diversity and exposure to this lawsuit [34, at 3 ("Mr. Espinosa was born in the U.S., has not taken any steps to renounce his U.S. citizenship, and is currently domiciled (and was so at the time the suit was filed) in Mexico."), Ex. 1, ¶ 2]. "Accordingly," Grupo LLC now asserts, "Plaintiff's First Amended Complaint *** should be dismissed [,] not only because it failed to properly allege the citizenship of Grupo LLC [,] but also because Mr. Espinosa is stateless under the law which destroys complete diversity." [*Id.,* at 3].

This argument and evidence would have supported Grupo LLC's original Rule 12(b)(1) motion to dismiss [21]. [5] Nevertheless, the Court has independent authority to address these matters pursuant Rule 12(h)(3).

Without subject matter jurisdiction the Court lacks jurisdiction to take any further actions in this case regarding any named party. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"). This case therefore is dismissed without prejudice against all named parties, including Defendant GRUPO, even though it failed to appear and answer

---

[5] In the original declaration [22-1], Mr. Espinosa declared that he is the majority shareholder, chief executive officer, and legal representative of Grupo GINSA (a Mexican company) and the sole member of Grupo LLC (a Texas-based business affiliate of Grupo GINSA) Mr. Espinosa's signed declaration also attests that he is "the only member of Grupo LLC" [34, at 2, Ex. 1, at ¶ 5], just as he did in the declaration attached to his original motion to dismiss [22-1] and "the only member of Grupo LLC." *Id*. He restates these facts in his supplemental declaration [34, at 2, Ex. 1, at ¶ 5], along with new evidence of multiple alias names [34, Ex. 1, ¶ 3]).

the Amended Complaint [8], join Defendant Grupo LLC's Motion to Dismiss [21], or otherwise respond to the Court's Order [31].

One final issue must be addressed. The Court finds that Grupo LLC is not entitled to costs and fees as a prevailing party for the following reasons. *First*, although Defendant Grupo LLC accurately pointed out the facial defects in Plaintiff's allegations of complete diversity in paragraph 1 of the Amended Complaint, and Defendant Grupo LLC's Rule 12(b)(1) Motion to Dismiss could have been granted solely on that basis, Grupo LLC also alleged a factual challenge to the existence of subject matter jurisdiction that superseded the facial defect and required further investigation of jurisdictional evidence beyond the pleadings. Grupo LLC's failure to proffer this evidence in support of its motion, which required the Court to request it, essentially moots any claim Grupo LLC otherwise may have had to prevailing party status. *Second*, Defendant Grupo LLC cannot claim any entitlement to costs as a prevailing party because it did not definitively argue that complete diversity was absent. Instead, it seemed merely to argue the facial defect in its motion to dismiss. This observation is illustrated by Grupo LLC's response to the Court's question in the Order [31], asking Grupo LLC to explain the double negative statement, "[t]he Texas LLC has not asserted that diversity jurisdiction does not exist," [27, at 3]. In its supplemental response, Defendant Grupo LLC now seeks to clarify that *it does* "dispute [] that diversity jurisdiction exists" [34, at 5-6], "given the supplemental information obtained on Mr. Espinosa" per the Court's request in its Order [31]. Defendant's clarification reveals that its initial failure to provide these material, jurisdictional facts regarding Mr. Alberto Espinoza's state citizenship in the original briefing was not justified, especially since Defendant identified that Plaintiff's failure to plead the state citizenship of Grupo LLC's sole member meant that complete diversity could not be established as to the LLC under the authority of *Page*, 2 F.4th at 635.

### III. CONCLUSION

After consideration of the jurisdictional answers and evidence provided in the supplemental responses [32, 34] to the Court's Order for a Rule to Show Cause [31], the Court finds that Plaintiff's declaratory judgment action must be dismissed for lack of jurisdiction based on the absence of complete diversity of state citizenship between the adverse parties required by 28 U.S.C. § 1332(a)(4). Accordingly, the reasons stated above, the Court will enter a final judgment terminating the case as to all parties, without prejudice, pursuant to Rule 12(h)(3). Each party shall bear their own costs. Civil case terminated.

Dated: June 3, 2022

Robert M. Dow, Jr.
United States District Judge